UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY BRAXTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>DISTRICT OF COLUMBIA, )<br>)<br>Defendant. ) | Civil Action No.  23-01004 (UNA) |

## MEMORANDUM OPINION

This matter, filed *pro se*, is before the Court on its initial review of Plaintiff's Complaint, ECF No. 1, and application for leave to proceed in forma pauperis, ECF No. 2.  The Court will grant the application and dismiss the complaint for lack of subject-matter jurisdiction.

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction.  *See* Fed. R. Civ. P. 8(a).  Failure to plead such facts warrants dismissal of the action.

Plaintiff's Complaint is based "on the actions and misconduct of the Superior Court of the District of Columbia" during multiple court proceedings.  Compl. at 1; *see id*. at 2-4.  This federal district court lacks jurisdiction to review another court's decisions and order it to take any action. *See Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002) ("The *Rooker-Feldman* doctrine prevents lower federal courts from hearing cases that amount to the functional equivalent of an appeal from a state court.") (citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923)); *United States v. Choi*, 818 F. Supp. 2d 79, 85

2

(D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)).  Plaintiff's recourse lies, if at all, in the D.C. Court of Appeals and the U.S. Supreme Court.  *See* 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari[.]").  Therefore, this case will be dismissed by separate order.

_____
TREVOR N. McFADDEN
Date: June 12, 2023              United States District Judge